## YOUNG v. HERMAN.

(Circuit Court of Appeals, Sixth Circuit. April 4, 1916.)

No. 2826.

1. PATENTS ⊚⇒318(1)—INFRINGEMENT—LIABILITY FOR PROFITS.

There may be a separate personal liability for profits on the part of successive owners of an infringing business, covering the periods of their respective ownership, although the infringement was sufficiently continuous to justify uniting both periods in one suit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–568; Dec. Dig. ⊚⇒318(1).]

2. LIS PENDENS ⊚⇒24(1)—PURCHASER OF BUSINESS PENDENTE LITE.

A purchaser of an infringing business pendente lite, after entry of an interlocutory decree on the mandate of an appellate court granting an injunction is bound by the injunction, and by the findings of validity and infringement on which the decree is based, and in further proceedings can present a new defense on either of those issues only by permission of the appellate court.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 38, 42, 44; Dec. Dig. ⊚⇒24(1).]

3. LIS PENDENS ⊚⇒26(1)—PURCHASER PENDENTE LITE—ACCOUNTING FOR PROFITS.

Such purchaser, however, is not bound by findings of fact or law on which a decree for profits against his predecessor was based, and is entitled to be heard as to the amount of profits made by himself after his purchase.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 58, 62; Dec. Dig. ⊚⇒26(1).]

Appeal from the District Court of the United States for the Northern District of Ohio; Clarke, Judge.

Suit in equity by Reinhold Herman against the Youngstown Car Manufacturing Company and John P. Young, impleaded. From a decree against defendant Young, he appeals. Reversed.

See, also, 191 Fed. 579, 112 C. C. A. 185, and 216 Fed. 604, —— C. C. A. ——.

F. W. H. Clay, of Pittsburgh, Pa., for appellant.

T. A. Connolly and Joseph B. Connolly, both of Washington, D. C., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. For the progress of this litigation, see the opinions on the former appeals in the same case. Herman v. Youngstown Car Mfg. Co., 191 Fed. 579, 112 C. C. A. 185, and 216 Fed. 604, 610, —— C. C. A. ——. A supplemental bill, filed against Young, resulted in a decree against him for profits, and he appeals. As we think there must be further proceedings before a final disposition, we now state merely our conclusions:

1. The order permitting the filing of the supplemental bill was within the discretion of the trial court, and should not be disturbed.

[1] 2. The supplemental bill, while inartificial, tenders clearly enough the issue whether Young must respond personally for profits for infringements after he took over the business. In connection with the original, it amounts to a claim of several liability, by periods, for the profits of a continuous infringement, and we think this permissible, under the peculiar facts here present.

[2] 3. As a purchaser of the business pendente lite, Young is bound by the interlocutory decree against the corporation, and so, as concerns his acts in carrying on the same business, is bound by the findings of fact and law on which that decree depends, viz., that the patent was valid and was infringed. The decree to this effect having been entered pursuant to the mandate of this court, Young, like the defendant corporation, can be allowed to present a new defense on either of these issues only after application made to and granted by this court.

[3] 4. Young, as an individual, and with reference to profits on infringements committed by him after the corporation ceased, is not necessarily bound by the findings of fact or conclusions of law which led to the former decree for profits against the corporation; the only issue involved was as to the profits the corporation had made. Prima facie, Young is entitled to be heard, as to the amount of his profits, in proofs as to the facts, and in argument as to the law. The record in the former proceedings may or may not be persuasive that he was so completely identified with the corporation as to make it unseemly to let him escape from the measure of liability fixed upon it; but upon that proposition, as well as upon the fact of the amount of profits made by him and the possibility of and the rule of apportionment, he is entitled to answer and to be heard after he has become, personally, a party to the case.

The decree must be reversed, with costs, and the case remanded for proceedings in accordance herewith.